HpAY'XaGK, Judge.
 

 -This being an action against a debtor of "5- the bankrupt, producing the commission and assignment;, Is a proof of the trading, bankruptcy, the time thereof, and appointing the plaintiffs assignees. Were this a debt due from Gibbs and Barclay, I am of opinion, that as the assignees o£ Barclay had sued, and r.o plea in abatement put in, that they may recover a moiety. I am of opinion also, that a creditor of Gibbs and Barclay, rsay be a witness to prove T
 
 *244
 
 Barclay, if it be proved that the separate estate of Barclay will not suffice to pay his separate crediters : for, as the creditor upon the joint !und must first apply to the joint fund, and the separate creditors to the separate fund, if this latter be exhausted, by the separate creditors, a creditor in the joint fund can have no interest in placing the demand in Question in the separate fund ; and in so doing, he diminishes the jointfund out of which his dividend is to come. I am of opinion also, that Gibbs, the other partner and bankrupt, may b,e admitted as a witness to prove the debt due to Barclay, for that tends to diminish the fund out of which his allowance is to come.
 

 A demand against the bankrupt, which the defendant has acquired since the bankruptcy, cannot by the express words of the act, be set off against the assignees. Of this nature is a debt paid by the defendant since the bankruptcy, as a surety before
 
 i
 
 so also is a debt arisen by delivery of goods to the bankrupt by the defendant since the act of bankruptcy committed.